Pauline V. TRIGG, Administratrix of the Estate of Decedent, Grayce Van Hook, Plaintiff,

v.

J. C. PENNEY COMPANY, a corporation, Defendant and Third-Party Plaintiff,

v.

OTIS ELEVATOR COMPANY, Third-Party Defendant.

Civ. No. 7934.

United States District Court
D. New Mexico.

Dec. 31, 1969.

H. O. Waggoner, Albuquerque, N.M., for plaintiff.

Charles B. Larrabee, Albuquerque, N.M., for defendant.

## MEMORANDUM OPINION AND ORDER

PAYNE, Chief Judge.

This matter came to be heard on the merits on December 15, 1969. The plaintiff [1] was represented by her attorney, H. O. Waggoner, and the defendant was represented by its attorney, Charles B. Larrabee. The lawsuit is one for damages for a personal injury that occurred in the defendant's store when plaintiff was injured on an escalator. The complaint alleges that while on the escalator, "the escalator stopped violently, causing Plaintiff to suffer a cervical sprain (commonly called a whiplash) * * *" The plaintiff relies on the doctrine of res ipsa loquitur.

At the close of plaintiff's case in chief, the defendant moved for judgment in its

1. After this suit was filed, the plaintiff died. On November 25, 1969, the Court entered an order substituting Pauline V. Trigg, Administratrix of the Estate of Decedent, Grayce E. Van Hook, as party plaintiff in this action.

favor on the basis that the evidence showed that the doctrine of res ipsa loquitur did not apply. At that time, the Court denied the defendant's motion and allowed the defendant to proceed with its case. However, now, after further reflection and study, the Court finds that it should have granted the defendant's motion for the following reasons.

At the time the Court denied the defendant's motion, it was not fully familiar with the case of Hisey v. Cashway Supermarkets, Inc., 77 N.M. 638, 426 P.2d 784 (1967). In that case, the plaintiff was injured when an electrically-operated exit door slammed shut. The plaintiff's proof was limited to the accident and the injuries. The holding in this case is that the mere happening of an accident is not sufficient to support the doctrine of res ipsa loquitur. Something more is required, and that is that there must be factual proof of two elements. (1) Plaintiff's injury must have been proximately caused by an instrumentality that was under the exclusive control of the defendant; and (2) that the incident that caused the injury must have been of the kind which ordinarily would not have happened in the absence of negligence on the part of the person having control of the instrumentality.

■ In the instant case, plaintiffs failed to prove these two crucial elements of the doctrine of res ipsa loquitur. There is no showing that the instrumentality was within the exclusive control of the defendant. The only reasonable conclusion to be drawn from the evidence is that a child pressed the emergency stop button at the top of the escalator. It is required by a city ordinance that these emergency stop buttons must be in a conspicuous place on the escalator. Anyone could push one of them causing the escalator to stop. This conclusion necessarily leads the Court to find that the second element has also

not been proved. If anyone could stop the escalator by pressing the button, either intentionally or unintentionally, the accident is not one that ordinarily would not have happened in the absence of negligence on the part of the defendant.

For the above reasons, the defendant's motion should have been granted and the case should have been dismissed at that point.

■ Since the Court put the defendant to its proof, the Court would like to make these further comments. Even if the plaintiff had met her burden of proof on the doctrine of res ipsa loquitur, the evidence put on by the defendant overcame any inferences that would have been raised by the doctrine.

The defendant's evidence showed the following: That the escalator was manufactured, installed and serviced by the Otis Elevator Company;[2] that it was inspected on a periodic basis by that company; that the defendant had nothing to do with the maintenance of the escalator other than turning it on in the morning, off in the evening, and turning it back on if the emergency button was accidently pressed; that the City of Albuquerque elevator and escalator inspector had inspected the escalator a few months prior to, and after the accident, and that the escalator had been approved in all respects; and that all of the evidence showed that there was nothing wrong with the escalator, that there had been no malfunctions, and that it was in good working order. Accordingly, even if the plaintiff had met the burden of proof to raise the doctrine, all of the inferences that are raised by the doctrine were overcome by the defendant. See Prosser on Torts, 3rd Ed., Sec. 40, pp. 238, 239.

The above Opinion shall constitute the Court's Findings of Fact and Conclusions of Law.

2. There was a third-party complaint against the Otis Elevator Company. However, they were dismissed out of the case in open court at the end of the trial.

It is ordered and adjudged that the plaintiff's cause of action be, and the same hereby is, dismissed with prejudice, and that the defendant have his costs herein.