### AGNES M. BEACH *v.* WOODWARD & LOTHROP, INC.

[No. 797, September Term, 1972.]

*Decided August 15, 1973.*

646

The cause was argued before THOMPSON, POWERS and MENCHINE, JJ.

*Rex L. Sturm*, with whom were *Brown & Sturm* on the brief, for appellant.

*Francis X. Quinn* for appellee.

POWERS, J., delivered the opinion of the Court.

Agnes M. Beach filed suit in the Circuit Court for Montgomery County against Woodward & Lothrop, Inc., claiming damages for injuries she alleged she sustained in a fall on an escalator in the defendant's department store.

The case went to trial before a jury and ended at the close of the plaintiff's evidence when the trial judge granted the defendant's motion for a directed verdict.

Mrs. Beach appealed from the judgment thereafter entered against her. She complains that the court did not apply the proper principles of law in ruling on the motion, and that a previous interlocutory ruling on her motion for discovery of documents was erroneous.

Appellant testified that on 22 February 1972 she went to the Wheaton Plaza store of Woodward & Lothrop, Inc., in the company of her daughter, her small granddaughter, and another young woman. After doing some shopping on a lower level, she wanted to go to an upper level, and took an escalator. Her granddaughter was with her. The other two women were near the bottom of the escalator. Appellant's entire case stands or falls on these words in her testimony:

> "I went up half way and the thing stopped still. It gave a jerk and it threw me backwards."

A moment later in her testimony appellant again described what happened:

"I had my hand on the banister going up and the thing stopped. I stood there and all of a sudden it made a jerk and threw me backwards."

When asked about the period of time the escalator was stopped, she said:

"I would say it was for a second or two. It just stopped and stood there and all of a sudden it jerked and threw me backwards."

Appellant's daughter, Frances Merson, said that they were walking toward the escalator. She said, "my mother and my daughter was on the escalator and fell". It came to her attention when her little girl screamed. The escalator was moving. She grabbed her daughter off and went back to help her mother up. At that time a saleslady stopped the escalator. Mrs. Merson identified a description of the event handwritten by her which said:

"Mrs. Agnes Beach had taken the hand of my four year old daughter and had stepped on the escalator and had travelled up about eight steps and as I was about to step on the escalator I heard my daughter scream and looking up I saw them falling backward."

Kathy Ange, who lived with appellant, was near the escalator looking at a rack of blouses. She said Mrs. Merson was with her. She heard the little girl scream, and looked and saw her at the bottom of the escalator. Mrs. Beach was "right up here" on the escalator, falling down. It was still moving. Somebody stopped the escalator.

After the testimony of two physicians the appellant rested her case. Appellee's motion for a directed verdict was granted.

In *Buchanan v. Galliher and Harless,* 11 Md. App. 83, we said at page 87:

"When a trial court is called upon by a motion for

a directed verdict to rule upon the legal sufficiency of the evidence to require submission of any issue to a jury, the court must assume the truth of all credible evidence on that issue and of all inferences fairly deducible therefrom, and consider them in the light most favorable to the party against whom the motion is made * * *."

In *Armstrong v. Johnson Motor Lines*, 12 Md. App. 492, we said at page 499:

"At that stage of a case when it cannot be said that everything relative to it is known, an inference of negligence, deducible from the facts and circumstances, may be permitted under the doctrine of *res ipsa loquitur*, and may aid the plaintiff in making a sufficient *prima facie* showing to survive a motion for directed verdict. If the unknowns are not later supplied, that same inference may be considered by the jury in determining whether the defendant was negligent. If, on the other hand, later evidence supplies facts in place of the unknowns, the jury no longer needs the aid of an inference to weigh the credibility of those facts, and to determine whether the facts which it accepts do or do not amount to negligence."

A clear and excellent discussion of *res ipsa loquitur* is contained in *Blankenship v. Wagner*, 261 Md. 37, where Judge Finan said for the Court, at page 42:

"In order to invoke the doctrine of *res ipsa loquitur* in Maryland certain circumstances must be shown by the evidence. First, it must appear that the accident was of such a nature that it would not ordinarily occur without the defendant's negligence. *Williams v. McCrory Stores Corp.*, 203 Md. 598, 601, 102 A. 2d 253 (1954); Cf. *Short v. Wells*, 249 Md. 491, 496, 240 A. 2d 224 (1968). Second, the plaintiff must demonstrate that the apparatus or instrument which caused the injury

was in the defendant's exclusive control. *Smith v. Kelly*, 246 Md. 640, 644, 229 A. 2d 79 (1967). The third element is that it must appear from the evidence that no action on the part of the plaintiff or a third party or other intervening force might just as well have caused the injury. *Johnson v. Jackson*, 245 Md. 589, 593, 226 A. 2d 883 (1967); *Joffre v. Canada Dry*, 222 Md. 1, 9, 158 A. 2d 631 (1960); *Hickory Transfer Co. v. Nezbed, supra,* at 263. Cf. *Restatement (Second) of Torts,* § 328D (1965). Our statement of the law is in accord with the prior decisions of this Court, and when applied to the case at bar supports the appellant's contention that the directed verdict should not have been granted."

We think the principle applies here. It is a rational inference that escalators do not ordinarily stop, then start up with a jerk, without negligence. It is equally rational that the escalator in appellee's department store was in its exclusive control. There was no evidence that appellant's fall was caused by her own negligence or by any intervening force.

As the Court of Appeals said in *Potts v. Armour & Co.,* 183 Md. 483, at page 487:

"*Res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict."

If we assume, as we must, the truth of appellant's testimony, and add to it the inferences which we conclude are rational ones under the circumstances, then appellant's evidence made out a prima facie case. The Court of Appeals

said in *Leidenfrost v. Atlantic Masonry*, 235 Md. 244, at page 250:

> "While we have said the burden of proof does not shift, nevertheless if the plaintiff has made out a prima facie case the defendant has the duty of going forward with the evidence to explain or rebut, if he can, the inference that he failed to use due care."

Whether a jury would accept appellant's testimony as credible, in the face of the fact that neither of her two adult companions, both standing near the bottom of the escalator, was aware that it stopped and started up again, and in the further light of whatever explanatory evidence may be offered by the appellee, is a question for the jury, not the courts, to decide.

It was error to grant the directed verdict.

Appellant complains that appellee was not required to produce copies of statements made to appellee after the accident by two employees. One was a service manager who assembled information and the other was a saleslady who saw the accident. The names of both were supplied to appellant in answers to interrogatories, and appellant took the depositions of both. Whatever knowledge they had was fully available to appellant. No good cause was shown why the statements themselves should be produced. *Hawk v. Wil-Mar, Inc.*, 210 Md. 364, 373-374. It was not error to deny production of the statements.

> *Judgment reversed and case remanded for a new trial.*
>
> *Appellee to pay costs.*