697 A.2d 89

Eugene **HOLZHAUER,**

v.

**SAKS & CO. and Montgomery Elevator Co.**

**Misc. No. 21, Sept. Term, 1996.**

Court of Appeals of Maryland.

July 25, 1997.

Domenic R. Iamele (Bruce A. Goldstein, Levy & Iamele, Baltimore; Joseph S. Matricciani, Lutherville) all on brief, for Appellant.

John P. McKenna, Jr. (O'Malley, Miles, Nylen & Gilmore, P.A.), Greenbelt; Daniel Karp (Michelle L. Bower,` Allen, Johnson, Alexander & Karp), Baltimore, for Appellee.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, RAKER and WILNER, JJ.

CHASANOW, Judge.

The United States District Court for the District of Maryland has certified the following three questions to this Court pursuant to the Maryland Uniform Certification of Questions of Law Act, Maryland Code (1974, 1995 Repl.Vol., 1996 Supp.), Courts & Judicial Proceedings Article, §§ 12–601 through 12–613, and Maryland Rule 8–305.

1. Do Appellant's allegations with respect to negligence amount to a waiver of *res ipsa loquitur*, as in *Dover Elevator Co. v. Swann*, 334 Md. 231, 638 A.2d 762 (1994)?

2. If not, does the doctrine of *res ipsa loquitur* apply under the facts thus far alleged in the instant case?

3. If the doctrine of *res ipsa loquitur* does apply, is there any reason, including the views expressed by the Court of Appeals in *Dover*, why the facts of this case require a different approach than that in *Beach v. Woodward & Lothrop, Inc.*, 18 Md.App. 645, 308 A.2d 439 (1973)(Where the escalator "stop[ped] and start[ed] up with a jerk")?

We answer the first two questions in the negative. Our decision regarding question number two renders question number three moot.

The facts of the case are not disputed. On February 24, 1994, Appellant, Eugene Holzhauer, was shopping in the Saks Fifth Avenue department store in Owings Mills Mall. Appellant injured his right shoulder when the escalator upon which he was riding, with his hand on the railing, came to a sudden stop, causing him to stumble down ten to twelve steps in a twisting motion. Appellant filed suit in the United States District Court for the District of Maryland [1] against Saks & Co., the owner of the escalator, and Montgomery Elevator Company, the organization hired to service and maintain the escalator (collectively "Appellees"). Appellant alleged that Appellees were negligent in:

> "a. [M]aintain[ing] as a part of such escalator and the operating mechanism thereof, old, loose, worn, frayed, and antiquated parts, apparatus and equipment;
>
> b. [F]ail[ing] to install in such escalator as a part of the operating mechanism thereof, a proper device to prevent said escalator from suddenly stopping when in use . . .;
>
> c. [P]ermitt[ing] such escalator and the working parts thereof to be and remain in a condition of disrepair for an unreasonable length of time;
>
> d. [F]ail[ing] to inspect such escalator in a proper manner and at proper intervals;
>
> e. [F]ail[ing] to warn plaintiff of the dangers connected with the escalator and to provide to plaintiff any protection from such dangers."

Appellant alleged, additionally, that Montgomery Elevator Company "negligently installed and maintained the escalator and failed to properly maintain, inspect and repair the escalator."

---

1. The suit was originally instituted in the Circuit Court for Baltimore County, but it was removed to the United States District Court for the District of Maryland based on the parties' diversity of citizenship. *See* 28 U.S.C. § 1441.

The following additional information was revealed during discovery. The parties do not know what caused the escalator to stop on February 24, 1994. The escalator had been inspected by the Maryland Department of Licensing and Regulation, Division of Labor and Industry Safety Inspection Unit in June of 1993. The escalator had not malfunctioned between the time of the inspection and the time of Appellant's injury, and it has not malfunctioned since Appellant's injury. On the day of the incident, the escalator remained stopped until a store employee restarted it with a key, at which time the escalator immediately began to run properly. Upon restarting, the escalator made no unusual movements or noises, and it did not require any repairs. Montgomery Elevator Company, in fact, was not informed of the events that occurred on February 24 until this suit was instituted.

The escalator was turned on and off daily, using a key, at the opening and closing of business by Saks & Co.'s Building Engineer or by a member of its Security Department. Any individual can also cause the escalator to stop by pushing one of the emergency stop buttons located at the top and bottom of the escalator, respectively. Once stopped, the escalator will not run again until it is started with a key.

Appellant has offered no additional evidence to support the allegations of negligence in his complaint, and it appears that he does not intend to offer expert testimony in the field of escalator maintenance, operations, or repair. The only expert witness listed on Appellant's Designation of Expert Witnesses is Dr. Steven Friedman, a medical doctor. Furthermore, in his Response to Saks & Co's Motion for Summary Judgment, Appellant states that "[he] is not offering any direct evidence or expert testimony, other than evidence of the event itself. He is not attempting to prove how or why the escalator stopped suddenly, only that it did."

Appellees filed Motions for Summary Judgment at the close of discovery, arguing that Appellant failed to produce evidence sufficient to sustain his burden of proof at trial. The Honorable Frank A. Kaufman initially granted the Appellees' Mo-

tions for Summary Judgment in a one sentence memorandum stating: "For reasons which this Court will shortly set forth in a more detailed document, to be filed in this case, this Court will enter summary judgment for defendants." When Judge Kaufman began to write the opinion in support of his ruling, however, he concluded that he could not continue without the answers to the three questions certified to this Court. Judge Kaufman has denied Appellees' Motions for Summary Judgment, and he will reconsider them once this Court has announced its decision.

■ The United States District Court seems to suggest by its phrasing of question number one that *Dover Elevator Co. v. Swann*, 334 Md. 231, 638 A.2d 762 (1994), stands for the proposition that the pleading of specific acts of negligence will preclude a plaintiff from relying on the doctrine of *res ipsa loquitur*. This is not so. *Dover* did not concern the mere pleading of acts of negligence; rather it dealt with a plaintiff's attempt to establish specific grounds of negligence at trial. We held, in that case, that one of the reasons why the plaintiff was prohibited from relying on *res ipsa* was because he proffered direct evidence of negligence at trial. *Dover*, 334 Md. at 237, 638 A.2d at 765 ("[N]umerous Maryland cases have explained that a plaintiff's 'attempt to establish specific grounds of alleged negligence precludes recourse to the doctrine of *res ipsa loquitur*.' ") (quoting *Smith v. Bernfeld*, 226 Md. 400, 409, 174 A.2d 53, 57 (1961)).

In *Dover*, David Swann was injured when he entered an elevator car, the floor of which was approximately one foot below the floor outside of the elevator. 334 Md. at 234, 638 A.2d at 764. He sued three defendants, one of which was Dover, the company that manufactured, installed, and maintained the elevator at issue. *Id.* Swann alleged in his Complaint that the defendants negligently designed, manufactured, installed, and maintained the elevator. *Dover*, 334 Md. at 234–35, 638 A.2d at 764. These pleadings, however, were not the reason that Swann was precluded from relying on *res ipsa*. Rather than ask the jury to draw an inference of defendant's

negligence from the mere fact that the elevator misleveled, Swann had an engineer/elevator consultant testify at trial that the elevator misleveled because the elevator's contacts were "burned" and that Dover was negligent in, *inter alia*, cleaning rather than replacing the burned contacts. *Dover*, 334 Md. at 244, 638 A.2d at 769.

We held that, under the circumstances, "the doctrine of *res ipsa loquitur* was inapplicable to the evidence before the jury...." *Dover*, 334 Md. at 262, 638 A.2d at 777. The purpose of *res ipsa*, we explained, is to afford a plaintiff the opportunity to present a *prima facie* case when direct evidence of the cause of an accident is not available or is available solely to the defendant. *Dover*, 334 Md. at 237, 638 A.2d at 765. Direct evidence of the specific cause of his injuries was available to Swann, however, and he proffered that direct evidence to the jury in the form of an expert opinion. Thus, one of the reasons we held *res ipsa* to be inapplicable was because the expert "purport[ed] to furnish a sufficiently complete explanation of the specific causes of [the elevator's] misleveling, which ... preclude[d] plaintiff's reliance on *res ipsa loquitur.*" *Dover*, 334 Md. at 239, 638 A.2d at 766.

■ Unlike the petitioner in *Dover*, Appellant in the present case has not had the chance to proffer direct evidence as to the specific cause of his injuries. Thus far, he has only *pleaded* specific acts of negligence. This Court discussed the impact that pleading specific acts of negligence has on a claim of *res ipsa loquitur* in *Joffre v. Canada Dry, Inc.*, 222 Md. 1, 158 A.2d 631 (1960). In that case, a woman in a delicatessen was cut in the leg by a piece of glass when a Canada Dry soda bottle shattered. *Joffre*, 222 Md. at 3, 158 A.2d at 632. Appellant sued the Canada Dry bottler and the delicatessen. *Id.* Appellant alleged that the bottler was negligent in "placing on the market ... a product designed for purchase in the original package without making that package safe against reasonably-to-be-anticipated variations in temperature and hazards of handling, and that the bottle was defective or the pressure within it excessive." *Id.* She alleged that the

delicatessen "was negligent in failing to so locate and guard the bottle as to prevent injury to customers, knowing it might explode." *Id.* The judge directed a verdict for both defendants at the close of the plaintiff's evidence, and appellant argued on appeal that summary judgment was improper and that she was entitled to submit her claim to the jury under the theory of *res ipsa loquitur. Id.* The delicatessen argued that appellant was precluded from relying on that theory because she had pleaded specific acts of negligence. *Joffre,* 222 Md. at 3–4, 158 A.2d at 632.

This Court stated that the delicatessen's argument had previously been rejected in Maryland. *Id.* (citing *State v. Prince George's County,* 207 Md. 91, 103–04, 113 A.2d 397, 403 (1955)). We explained that " '[t]he doctrine *res ipsa loquitur* is not a rule of pleading. It relates to burden of proof and sufficiency of evidence.' " *Joffre,* 222 Md. at 6, 158 A.2d at 634 (quoting *Bohlen v. Glenn L. Martin Co.,* 193 Md. 454, 461, 67 A.2d 251, 254 (1949)); *see also* RICHARD J. GILBERT AND PAUL T. GILBERT, MARYLAND TORT LAW HANDBOOK, at 158 n. 12 (2d ed. 1992)("[T]he doctrine of res ipsa loquitur is not a rule of pleading; having pleaded specific acts of negligence does not prevent the plaintiff from relying on *res ipsa.*" (Citation omitted)). In other words, whether a party will be precluded from relying on the doctrine of *res ipsa loquitur* turns upon the evidence produced by the party and whether that evidence satisfies the three essential components of *res ipsa loquitur;* whether specific allegations of negligence have been pleaded is of no moment. We answer the first certified question in the negative.

■ Appellant cannot satisfy the three essential components of *res ipsa loquitur,* however, and, for that reason, he may not rely on the doctrine in the present case. Three elements must be proven in order to create an inference of negligence on the part of a defendant: (1) a casualty of a kind that does not ordinarily occur absent negligence, (2) that was caused by an instrumentality exclusively in the defendant's

control, and (3) that was not caused by an act or omission of the plaintiff. *Dover,* 334 Md. at 236–37, 638 A.2d at 765. Appellant cannot satisfy the first two criteria.

■ In order to rely on *res ipsa loquitur,* Appellant must first prove that the accident would not have occurred in the absence of Appellees' negligence.

"[T]he doctrine of *res ipsa loquitur* is applicable only when the facts and surrounding circumstances tend to show that the injury was the result of some condition or act which ordinarily does not happen if those who have the control or management thereof exercise proper care. It does not apply where it can be said from ordinary experience that the accident might have happened without the fault of the defendant." (Citation omitted).

*Greeley v. Baltimore Transit Co.,* 180 Md. 10, 12–13, 22 A.2d 460, 461 (1941). Appellant cannot satisfy this requirement because the evidence and inferences fairly deducible from the evidence indicate that, in addition to the possibility that Appellees were negligent, there is an equally likely explanation for the escalator's abrupt stop.

For safety reasons, the escalator in question was equipped with two emergency stop buttons, located at the top and bottom of the escalator, respectively. When either button is pushed, if the escalator is functioning as intended, the escalator will stop. The buttons are safety devices designed to stop the escalator quickly should a hand, foot, or article of clothing become caught; thus, ready accessibility to the buttons is only sensible. We cannot say that the escalator would not stop in the absence of Appellees' negligence because the escalator would also stop whenever any person pushed one of the emergency stop buttons.

The record is silent as to whether anyone did, in fact, push one of the stop buttons, but this is of little concern. The facts need not show that a stop button definitely was pushed to preclude reliance on *res ipsa;* they need only show that something other than Appellees' negligence was just as likely to cause the escalator to stop. The fact that the escalator had

never malfunctioned before the day in question, and has not malfunctioned since, makes it equally likely, if not slightly more likely, that the escalator did not malfunction on the day in question but, rather, that it stopped because somebody intentionally or unintentionally pushed an emergency stop button.

Appellant also cannot rely on *res ipsa loquitur* in the present case because he cannot satisfy the second essential component of the doctrine, that the injury-causing instrumentality be in the exclusive control of the defendant.

"The element of control has an important bearing as negativing the hypothesis of an intervening cause beyond the defendant's control, and also as tending to show affirmatively that the cause was one within the power of the defendant to prevent by the exercise of care. Thus it has been held that the inference is not permissible where . . . the opportunity for interference by others weakens the probability that the injury is attributable to the defendant's act or omission." (Citations omitted).

*Lee v. Housing Auth. of Baltimore*, 203 Md. 453, 462, 101 A.2d 832, 836 (1954). This Court has often held *res ipsa* to be inapplicable when the opportunity for third-party interference prevented a finding that the defendant maintained exclusive control of the injury-causing instrumentality. *See, e.g., Joffre*, 222 Md. at 8–10, 158 A.2d at 635–36 (holding defendant's control not exclusive where customers had access to soda bottles for approximately two months before one bottle inexplicably shattered); *Williams v. McCrory Stores Corp.*, 203 Md. 598, 604–05, 102 A.2d 253, 256 (1954)(holding defendant's control not exclusive where thousands of customers had access to revolving stools every week); *Smith v. Kelly*, 246 Md. 640, 644, 229 A.2d 79, 81–82 (1967)(holding defendant's control not exclusive where customers had access to self-service washing machines).

In the present case, we must necessarily conclude that Appellant is unable to satisfy the second essential component of *res ipsa*. Hundreds of Saks & Co.'s customers have

unlimited access to the emergency stop buttons each day. If the escalator's two emergency stop buttons are readily accessible to all persons in the vicinity and any customer can cause the escalator to stop simply by pressing one of the buttons, then it is impossible to establish that the escalator was in Appellees' exclusive control.

In *Trigg v. J.C. Penney Company,* 307 F.Supp. 1092 (D.N.M.1969), the United States District Court for the District of New Mexico held *res ipsa* inapplicable to facts very similar to those in the present case. In that case, the plaintiff was injured when the escalator upon which he was riding, in a department store, stopped suddenly. *Trigg,* 307 F.Supp. at 1092. The escalator was equipped with emergency stop buttons. *Trigg,* 307 F.Supp. at 1093. Although there was no evidence that anyone had pushed the button on the day that the plaintiff was injured, the court concluded that the

"plaintiff[ ] failed to prove . . . two crucial elements of the doctrine of res ipsa loquitur. There is no showing that the instrumentality was within the exclusive control of the defendant. * * * Anyone could push one of [the emergency stop buttons] causing the escalator to stop. This conclusion necessarily leads the court to find that the second element has also not been proved. If anyone could stop the escalator by pressing the button, either intentionally or unintentionally, the accident is not one that ordinarily would not have happened in the absence of negligence on the part of the defendant."

*Id.*

 There is yet a third reason that *res ipsa* is inapplicable to the case *sub judice.* We have, for many years, held that *res ipsa* is only applicable when "the circumstances attendant upon an accident are themselves of such a character as to justify a jury in inferring negligence as the cause of that accident." *Benedick v. Potts,* 88 Md. 52, 55, 40 A. 1067, 1068 (1898). This is the case when "the common knowledge of jurors [is] sufficient to support an inference or finding of negligence on the part of" a defendant. *Meda v. Brown,* 318

Md. 418, 428, 569 A.2d 202, 207 (1990); *Orkin v. Holy Cross Hospital,* 318 Md. 429, 433, 569 A.2d 207, 209 (1990); *Dover,* 334 Md. at 254-56, 638 A.2d at 773-74. For example, any person who has ever walked along a street knows that barrels of flour rarely fall out of the sky. *See Byrne v. Boadle,* 2 Hurl. & Colt. 722, 159 Eng. Rep. 299 (1863). Similarly, any person who regularly uses stairs knows that they rarely collapse beneath one's feet. *See Blankenship v. Wagner,* 261 Md. 37, 273 A.2d 412 (1971). The plaintiffs were permitted to rely on *res ipsa* in these cases because lay jurors possess the background knowledge necessary to decide whether these events ordinarily occur in the absence of someone's negligence. *See also Strasburger v. Vogel,* 103 Md. 85, 63 A. 202 (1906)(explaining that *res ipsa* would be proper where brick from defendant's chimney fell onto the head of an infant on sidewalk below if defendant had not presented evidence of an intervening cause).

In some cases, however, "because of the complexity of the subject matter, expert testimony is required to establish negligence and causation." *Meda,* 318 Md. at 428, 569 A.2d at 207. For example, *Orkin, supra,* addressed the applicability of *res ipsa* in a medical malpractice case. In that case, the plaintiff sustained an injury to her median, ulnar, and radial nerves on her right side during surgery to repair a perforated ulcer. *Orkin,* 318 Md. at 431–32, 569 A.2d at 208. The plaintiff was under general anesthesia while her surgery was being performed, and she "could not 'ascribe a particular negligent act to any defendant.'" *Orkin,* 318 Md. at 432, 569 A.2d at 209. She proffered proof that her injury was one that usually does not occur absent negligence through the testimony of a neurologist. *Orkin,* 318 Md. at 432–33, 569 A.2d at 209.

The trial court granted summary judgment in favor of the defendants, and the plaintiff appealed, arguing that she should have been permitted to present her case to a jury under the theory of *res ipsa loquitur. Orkin,* 318 Md. at 432, 569 A.2d at 209. Although this Court held that the trial court erred in granting the defendants' motion for summary judgment, and, therefore, remanded the case to the circuit court, we explained

that the plaintiff should not be permitted to rely on *res ipsa loquitur* on remand. *Orkin*, 318 Md. at 433, 569 A.2d at 209. We stated that a case involving complex issues of fact, for which expert testimony is required, is not a proper case for *res ipsa loquitur*.

"This is not an 'obvious injury' case. Resolution of the issues of negligence and causation involved in a case of this kind necessarily requires knowledge of complicated matters, including human anatomy, medical science, operative procedures, areas of patient responsibility, and standards of care. Complex issues of the type generated by a case of this kind should not be resolved by laymen without expert assistance. *Res ipsa loquitur* does not apply under these circumstances. *Meda v. Brown*, [318 Md. 418, 569 A.2d 202]."

*Id.*

■ We quoted this language with approval in *Dover*, where we held *res ipsa loquitur* to be inapplicable in a case involving the misleveling of an elevator, in part, because the common knowledge of jurors was insufficient to support an inference that the misleveling was caused by the defendant's negligence. *Dover*, 334 Md. at 254, 256, 638 A.2d at 773–74. An elevator "may experience problems absent anyone's negligence," and, thus, we explained that "[w]ithout [an expert's] opinion that the misleveling was [most likely] caused by negligence, an inference that this elevator did not mislevel or experience other problems absent someone's negligence may be unjustified." *Dover*, 334 Md. at 255, 638 A.2d at 774.

" 'Mechanical, electrical, and electronic devices fail or malfunction routinely—some more routinely than others. A speck of dust, a change in temperature, misuse, an accidental unforeseen trauma—many things can cause these devices to malfunction. To allow an inference that the malfunction is due to someone's negligence when the precise cause cannot be satisfactorily established appears ... to be unwarranted.' "

*Dover*, 334 Md. at 255 n. 4, 638 A.2d at 774 n. 4 (quoting *Swann v. Prudential Ins.*, 95 Md.App. 365, 419, 620 A.2d 989,

1015–16 (1993)(Wilner, C.J., concurring and dissenting)). Thus, in cases concerning the malfunction of complex machinery, an expert is required to testify that the malfunction is of a sort that would not occur absent some negligence. *Dover*, 334 Md. at 254, 256, 638 A.2d at 773–74.

When an expert raises an inference of a defendant's negligence, however, a plaintiff must necessarily be precluded from relying on *res ipsa loquitur.* "If expert testimony is used to raise an inference that the accident could not happen had there been no negligence, then it is the expert witness, not an application of the traditional *res ipsa loquitur* doctrine, that raises the inference." *Dover*, 334 Md. at 254, 638 A.2d at 773. In such a case, the jury is not asked or permitted to draw an inference unaided by expert testimony. *Meda*, 318 Md. at 425, 428, 569 A.2d at 205, 207. Instead, the jury's function is to decide whether the expert's inference that a defendant was negligent is credible. *See Dover*, 334 Md. at 249, 638 A.2d at 771.

■ In the present case, Appellant has declined to present expert testimony. In doing so he has, perhaps, "confused the question of whether an inference may be drawn by an expert with that of whether an inference may be drawn by a layman." *Meda*, 318 Md. at 428, 569 A.2d at 206. It is not the presence of expert testimony that, if presented, would prevent a jury in the present case from drawing an inference of Appellees' negligence, rather, it is the complex and technical issue presented by the facts of this case. Like the elevator in *Dover*, an escalator is a complex machine. Leaving aside the presence of any emergency stop buttons, whether an escalator is likely to stop abruptly in the absence of someone's negligence is a question that laymen cannot answer based on common knowledge. The answer requires knowledge of "complicated matters" such as mechanics, electricity, circuits, engineering, and metallurgy. *Res ipsa loquitur* does not apply under these circumstances. *See Dover*, 334 Md. at 254–56, 638 A.2d at 773–74; *Orkin*, 318 Md. at 433, 569 A.2d at 209.

For all of the foregoing reasons, we answer the second certified question in the negative. We are called upon to answer the third certified question only if the doctrine of *res ipsa loquitur* applies to the present case. We have stated that the doctrine does not apply.

In sum, we answer the first certified question in the negative; the allegations in Appellant's Complaint with respect to negligence do not amount to a waiver of *res ipsa loquitur*. We also answer the second certified question in the negative; *res ipsa* does not apply to the facts of the instant case because Appellant cannot prove that the event would not occur in the absence of Appellees' negligence. In addition, Appellant cannot prove that the escalator was in Appellees' exclusive control. Finally, because of the complex and technical nature of the issue presented in this case, lay jurors would not be permitted to draw an inference of negligence without the aid of expert testimony, negating the very definition of *res ipsa loquitur*.

**CERTIFIED QUESTIONS ANSWERED AS ABOVE SET FORTH. COSTS TO BE PAID ONE–HALF BY APPELLANT AND ONE–HALF BY APPELLEES.**