**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

YVONNE L. DEAN,
<u>Plaintiff-Appellant,</u>

v.                                                                          No. 99-2222

UNITED STATES AIR FORCE,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-97-1951-JFM)

Submitted: March 23, 2000

Decided: March 31, 2000

Before LUTTIG, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Yvonne L. Dean, Appellant Pro Se. Roann Nichols, OFFICE OF THE
UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiff Yvonne L. Dean appeals the grant of summary judgment in favor of the United States Air Force in her medical malpractice action. We affirm.

Dean's complaint, as liberally construed by the district court, alleges that Air Force medical personnel performed negligently when treating her in Japan and Maryland. Her chief assertion is that she has suffered continuous stress and other symptoms due to surgical clips left in her abdomen during a hernia operation.

The district court dismissed all claims relating to medical services provided in Japan, and Dean has not challenged that ruling on appeal. Regarding Dean's claims arising from treatment received in Maryland, the court properly granted the Air Force's motion for summary judgment because Dean had not proffered any expert evidence establishing a link between the surgical clips and her symptoms. Dean notes the record contains a letter from an Air Force lawyer expressing sympathy for her condition, as well as several doctors' notes alluding to the clips in her abdomen. None of this material, however, amounts to an expert determination of negligence or harm to Dean. Maryland law requires such expert testimony in malpractice cases, "[e]xcept in cases where the medical negligence alleged is of such gross and obvious nature that a layman can comprehend the breach of care." Karl v. Davis, 639 A.2d 214, 218-19 (Md. Ct. Spec. App. 1994); accord Holzhauer v. Saks & Co., 697 A.2d 89, 94-95 (Md. 1997). As this case does not fall into the exception for obvious malpractice, the district court properly granted summary judgment in favor of the Air Force.

Dean's two remaining claims are unavailing. First, she faults the district court for not giving her time to retain an expert. The court granted two continuances for this purpose, however; the denial of a third was within the court's discretion. See United States v. Lawrence, 161 F.3d 250, 254 (4th Cir. 1998), cert. denied, 526 U.S. 1031 (1999). Second, Dean raises an ambiguous claim relating to disclosure of medical records. As this issue was not presented below, it is

2

waived. See Skipper v. French, 130 F.3d 603, 610 (4th Cir. 1997) (noting general rule that theories presented for the first time on appeal will not be considered).

For these reasons, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3