859 A.2d 266

Thelma E. NORRIS

v.

ROSS STORES, INC.

**No. 2931, Sept. Term, 2002.**

Court of Special Appeals of Maryland.

Oct. 6, 2004.

324

326

Barry S. Kopit (Jay S. Weiss, P.C., on brief), Washington, DC, for appellant.

Anne Marie McGinley (DeCaro, Doran, Siciliano, Gallagher, DeBlasis, LLP, on brief), Lanham, for appellee.

Panel MURPHY, C.J., CHARLES E. MOYLAN, JR. (Retired, Specially Assigned), RAYMOND G. THIEME, JR. (Ret'd, Specially Assigned), JJ.

THIEME, J.

Thelma E. Norris, the appellant, filed a negligence suit against Ross Stores, Inc., the appellee, alleging she was injured in one of appellee's stores. After the Circuit Court for Montgomery County entered summary judgment in favor of Ross, Norris filed this appeal.

## ISSUE

Norris argues, in essence, that the trial court erred by determining that she could not rely on the doctrine of *res ipsa loquitur*, and in therefore granting summary judgment in Ross's favor. We shall vacate the judgment of the trial court and shall remand the case for further proceedings.

## FACTS

The incident that gave rise to Norris's suit against Ross occurred during the evening of August 8, 1998, in the Ross store in Rockville, Maryland. Norris alleged in her complaint that she suffered serious injury when a shelving unit on which glass products were displayed collapsed. Norris's deposition testimony, which was attached to Ross's motion for summary judgment, clarified that the metal shelving unit was at the end of an aisle and contained decorative glass bottles of salad dressing. Norris indicated in her deposition testimony that as she was walking past the shelving unit she heard a "tingling" immediately before it collapsed and the bottles fell to the floor and shattered. She asserted that she had not touched the shelving unit and had not seen any other customers or employees working in the area. Norris's counsel proffered at the hearing on the motion for summary judgment that Norris slipped and fell on the oil and glass and was badly injured. The parties do not dispute that when Norris suffered her injury the store in which the injury occurred had been open for only six weeks. Shortly before the opening, Ross had hired a contractor to assemble and install the shelving unit. Ross had supplied the contractor with the unassembled parts of the unit and directions for assembly.[1]

In moving for summary judgment, Ross argued to the effect that the undisputed facts could not support a finding of negligence on its part. Norris argued in response that she was entitled to rely upon the doctrine of *res ipsa loquitur*. The trial court agreed with Ross and entered summary judgment in its favor.

## STANDARD OF REVIEW

As this Court has summarized:

---

1. After Norris filed suit against Ross, Ross filed a cross-complaint against the contractor, National Millworks, Inc. The trial court granted summary judgment in favor of National Millworks, Inc., and Ross has not appealed from that judgment.

A trial court may grant summary judgment only if "the motion and response show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law." Md. Rule 2–501(e). In reviewing a summary judgment motion, we consider the facts, and any reasonable inferences drawn from those facts, in the light most favorable to the non-moving party. To defeat a motion for summary judgment, the nonmoving party must establish that a genuine dispute exists as to a material fact by proffering facts that would be admissible in evidence. The appellate court determines whether there was a genuine issue of material fact and whether the trial court was legally correct. In reviewing a grant of summary judgment, the appellate court ordinarily reviews only the grounds relied upon by the trial court.

*Bell v. Heitkamp, Inc.*, 126 Md.App. 211, 221–22, 728 A.2d 743 (1999) (citations omitted) (affirming a trial court's ruling that the doctrine of *res ipsa loquitur* was not applicable, but reversing the decision in part on other grounds).

## DISCUSSION

 *Res ipsa loquitur*,[2] a rule of evidence, "is merely a short way of saying that the circumstances attendant upon an accident are themselves of such a character as to justify a jury in inferring negligence as the cause of that accident . . . ." *Chesapeake and Potomac Telephone Co. of Maryland v. Hicks*, 25 Md.App. 503, 512, 337 A.2d 744 (1975). When properly invoked, *res ipsa loquitur* permits, but does not compel, an inference of negligence. *Pahanish v. Western Trails, Inc.*, 69 Md.App. 342, 359, 517 A.2d 1122 (1986). The doctrine of *res ipsa loquitur* " 'relates to the burden of proof and sufficiency of evidence.' " *Joffre v. Canada Dry Ginger Ale*, 222 Md. 1, 6, 158 A.2d 631 (1960) (citation omitted). " '[T]he usual operation of the doctrine is to support an inference [of negligence] from circumstantial evidence, based

---

**2.** Literally translated as "the thing speaks for itself."

on probability.'" *Id.* at 7, 158 A.2d 631 (citation omitted). "Relaxation of the normal rules of proof is thought to be justified because the instrumentality causing injury is in the exclusive control of the defendant, and it is assumed he is in the best position to explain how the accident happened." *Peterson v. Underwood,* 258 Md. 9, 19, 264 A.2d 851 (1970).

> However, the burden of proof is not thereby shifted from the plaintiff to the defendant. In such circumstances, the defendant has the duty of going forward with the evidence to explain or rebut, if he can, the inference that he failed to use due care, but he does not have the burden of satisfactorily accounting for the accident and of showing the actual cause of the injury in order to preclude the granting of an instructed verdict against him.

*Munzert v. American Stores Co.,* 232 Md. 97, 103, 192 A.2d 59 (1963).

 In order to rely successfully upon the doctrine of *res ipsa loquitur,* a plaintiff must prove: "(1) a casualty of a kind that does not ordinarily occur absent negligence, (2) that was caused by an instrumentality exclusively in the defendant's control, and (3) that was not caused by an act or omission of the plaintiff." *Holzhauer v. Saks & Co.,* 346 Md. 328, 335–36, 697 A.2d 89 (1997). "It must appear from the evidence also that no action on the part of a third party or other intervening force might just as well have caused the injury. This enlarged dimension of the third criterion emphasizes the 'exclusive control' criterion of the second element." *Chesapeake & Potomac Telephone Co. of Maryland v. Hicks, supra.* Thus, the injury must be one that does not ordinarily occur if the defendant uses proper care.

In *Evangelio v. Metropolitan Bottling Co.,* 339 Mass. 177, 158 N.E.2d 342, 345 (1959), which the Court of Appeals cited with approval in *Leikach v. Royal Crowm Bottling Co. of Baltimore,* 261 Md. 541, 550, 276 A.2d 81 (1971), the Court said:

> [Plaintiff] is not required to exclude every possible cause for her injuries other *than* that of negligence; she is only

required to show a greater likelihood that her injury was caused by the defendant's negligence than by some other cause.

■ Thus, the central question involved in the use of the *res ipsa loquitur* doctrine is whether, by relying on common sense and experience, the incident more probably resulted from the defendant's negligence rather than from some other cause.

■ To determine whether there is a logical relation and connection between the circumstances proved and the conclusion sought to be adduced from them, and whether an event is of the kind that does not occur unless someone has been negligent, the court will look to common sense and human experience, Prosser, *Law of Torts* (4th ed.) p. 249. The doctrine of *res ipsa loquitur* is merely a rule of evidence permitting an inference of negligence to arise. The doctrine does not change the burden of proof, but it does allow the question of negligence to reach the jury by a permissible inference of negligence. *Chesapeake & Potomac Tel. Co. v. Hicks,* 25 Md.App. 503, 526–27, 337 A.2d 744. *See also Dover Elevator Co. v. Swann,* 334 Md., 231, 638 A.2d 762 (1994).

■ Thus, when, through any instrumentality or agency under the management or control of a defendant or his servants, there is an occurrence injurious to the plaintiff, which, in the ordinary course of things, would not take place if the person in control were exercising due care, the occurrence itself, in the absence of explanation by the defendant, affords *prima facie* evidence that there was want of due care.

The parties do not now dispute that the facts generated jury questions as to the first and third requirements. They dispute only whether the facts generated a question as to the second requirement—in this case, whether Ross had exclusive control over the shelving unit and the display of salad dressings. The trial court determined there could be no genuine dispute and explained:

I find that even viewing the facts in the light most favorable to the plaintiff, that it could not be found by a jury upon these facts, any reasonable person, that the instrument in question was within exclusive control of the defendant, or there was not a reasonable possibility of intervening causes. For that reason, I believe that the theory of *res* is applicable under the facts of this case—and there being absent—other than that theory—any evidence of negligence the motion of the defendant Ross is granted for the same reasons.

 The trial court apparently accepted Ross's contention, which seems to be that shelving units of a store open to the public, *ipso facto,* are not within the exclusive control of the store, that this shelving unit was in an area of the store that was open to the public, *ergo,* this shelving unit was not within the exclusive control of Ross. We are aware of no authority that supports Ross's major premise. " 'Control,' if it is not to be pernicious and misleading, must be a very flexible term." Prosser, *Law of Torts* (4th ed.) p. 250. Contrary to the court's apparent understanding, however,

> evidence of complete control is not required. [Exclusive control] may be established by evidence sufficient to warrant an inference of its existence, and circumstantial evidence may suffice. The plaintiff is not required in his proof to exclude remotely possible causes and reduce the question of control to a scientific certainty.

*Leidenfrost v. Atlantic Masonry, Inc.,* 235 Md. 244, 250, 201 A.2d 336 (1964) (where employee of general contractor sued masonry subcontractor after pile of slag blocks to be used by subcontractor fell on him, question of exclusive control of slag blocks was one for the jury). The requirement of exclusive control

> "as it is generally applied is more accurately stated as one that the evidence must afford a rational basis for concluding that the cause of the accident was probably 'such that the defendant would be responsible for any negligence connected with it.' That does not mean that the possibility of other causes must be altogether eliminated, but only that their

likelihood must be so reduced that the greater possibility lies at the defendant's door."

*Chesapeake & Potomac Tel. of Maryland v. Hicks,* 25 Md. App. 503, 530, 337 A.2d 744 (1975) (quoting 2F Harper & F. James, *The Law of Torts* § 19.7, pp. 1086–87 (1954)).

Norris claimed that the unit collapsed as she was walking past it. She contended that she had not touched the unit, and that no other customers were in that area of the store at the time. Norris met her initial burden by establishing that the cause of the incident was probably such that Ross would be responsible for any negligence connected with it; that Ross was in exclusive control of the shelf; and the event was not due to any voluntary action or contribution by Norris.

Ross contends that the element of exclusive control was not established because others could have had access to the shelving unit. That conclusory contention is insufficient to raise a material issue of fact because defendant submitted no proof that third parties were even in the area or had tampered with the shelving unit. Moreover, the undisputed facts before the trial court were that Ross procured the material of the shelving unit, had hired a contractor to assemble and install the shelving unit, was in control of the shelving unit from the time of its installation, approximately six weeks before the incident, and its employees had stocked the shelving unit with decorative bottles of salad dressing.

Here, we assume that Ross is a self-service store, where customers are invited to inspect, remove, and replace goods on shelves. The exercise of ordinary care may well require the owner to take greater precautions than would otherwise be needed to safeguard against the possibility that a customer may create a dangerous condition by disarranging the merchandise and creating potentially hazardous conditions.

As stated by Judge Hollander, speaking for this Court in *Tennant v. Shoppers Food Warehouse Md. Corp.* 115 Md.App. 381, 387, 693 A.2d 370 (1997):

"It is well-settled that the duty of an owner or occupier of land" depends upon the status of the plaintiffs at the time of

the accident. In Maryland, the duty that an owner or occupier of land owes to persons entering onto the land varies according to the visitor's status as an invitee (*i.e.* a business invitee), a licensee by invitation (*i.e.*, a social guest), a bare licensee, or a trespasser. The highest duty is owed to a business invitee, defined as "one invited or permitted to enter another's property for purposes related to the landowner's business."

(Citations omitted.) This duty extends to areas under the owner's control if these areas are likely to be used by the owner's invitees. *See Bethesda Armature Co., Inc. v. Sullivan,* 47 Md.App. 498, 424 A.2d 397 (1981).

The doctrine of *res ipsa loquitur* does not require that the shelving unit have been installed by Ross. We observe that the exclusive control requirement of the *res ipsa loquitur* doctrine requires that Norris demonstrate that Ross had exclusive control over the instrumentality *at the time of the alleged negligent act.* Here, the negligent act could have been the installation of the shelving unit, but the jury could also reasonably infer that the negligence was the failure to reasonably maintain the shelving units. Regardless of who installed the shelving units, we cannot say that falling shelving units are the sort of event that ordinarily happens if those who have the management and control exercise proper care.

The appellant was clearly a business invitee with respect to whom the store owner had allegedly negligently breached a non-delegable duty of properly maintaining its shelves. This duty to a business invitee is commonly referred to as a non-delegable duty. "The duty imposed by law upon the defendant, as the owner and occupier of the premises, for the reasonable protection of its invitee, is not performed by an attempted delegation of it to a third party. It is a non-delegable duty, arising from the proprietor's control of the premises." *Lane v. Bethlehem Steel Corp.,* 107 Md.App. 269, 279, 667 A.2d 962 (1995).

Non-delegable duty is something of a misnomer, as the owner is free to delegate the duty of performance to

another, but the owner cannot thereby avoid or delay its liability for the non-performance of the delegated duties. Under the facts of this case, this liability for breach of a non-delegable duty is an exception to the general rule that one who employs an independent contractor is not liable for the independent contractor's negligence. The duty of Ross to Norris to properly maintain its shelving unit is not changed by Ross's employment of an independent contractor who previously installed the shelving unit. *Swann v. Prudential Ins. Co. Of America,* 95 Md.App. 365, 417–18, 620 A.2d 989 (1993), *reversed on other grounds, Dover Elevator Co. v. Swann,* 334 Md. 231, 638 A.2d 762 (1994). The liability of Ross to Norris is founded on the right of Norris, an invitee, to assume that Ross's premises were in a reasonably safe condition for her visit. While Ross is not an insurer of Norris's safety, Ross owed to Norris the duty to use ordinary care to have its premises in a reasonably safe condition.

Nor did Ross submit any evidence that Norris or others contributed in any way to cause the incident. On this evidence, we are satisfied that it was for a jury to determine whether Ross was in fact in exclusive control of the shelving unit. The resolution of whether the display was improperly installed, unstable, or otherwise capable of causing injury for any reason attributable to Ross was a function which should have remained with the jury. A jury could, but would not be required to, accept Norris's testimony that she did not touch the shelving unit and did not see anyone else do so. In order to find that a third person interfered with Ross's exclusive control and was responsible for the collapse of the unit, a jury would have to accept that someone other than a Ross employee or agent tampered with or caused damage to the unit, and did so without detection by Ross. Ross suggests that "a store patron could have struck the shelves with a shopping cart, or misused the shelves by standing, climbing or sitting on same...." This hypothesis does not conclusively refute Norris's version of the incident. A jury might deem Ross's theory to be rather remote. It could determine that the speculated "misuse" of Ross would most likely result in the immediate

collapse of the shelving unit, while an improper installation or stacking might be more likely to result in a delayed collapse. *See, e.g., Giant Food, Inc. v. Washington Coca–Cola Bottling Co., Inc.,* 273 Md. 592, 599, 332 A.2d 1 (1975) (plaintiff customer who suffered injuries when soda bottle exploded in store entitled to submission of negligence case against store to jury on theory of *res ipsa loquitur* when evidence suggested greater likelihood that mishandling of bottle was by store employee rather than some other cause); *Blankenship v. Wagner,* 261 Md. 37, 44–45, 273 A.2d 412 (1971) (plaintiff deliveryman who was injured when stair step outside of residence collapsed entitled to submission of case against homeowner to jury on *res ipsa loquitur* despite homeowner's assertion that some other person or agency in some manner undermined the strength of the steps from their original installation). *Compare Holzhauer, supra,* 346 Md. 328, 697 A.2d 89 (where department store was required for safety reasons to have readily accessible emergency stop buttons for escalators, and plaintiff was injured when unknown person pushed button and caused escalator to stop suddenly and plaintiff to fall—facts which clearly show a third party had intervened with the store's right to the exclusive control of escalator).

The resolution of whether the shelving unit was improperly installed, stacked, unstable, or otherwise capable of causing injury for any reason attributable to Ross was a function which should have remained with the jury. Accordingly, we reverse and remand this matter for trial.

**JUDGMENT VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS. APPELLEE TO PAY THE COSTS.**