**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 07-1507**

————————

RICHARD FLAHERTY, Individually, as Executor of the Estate of
Monica Flaherty, deceased, and on behalf of his minor
children,

　　　　　Plaintiff - Appellant,

　　　v.

LEGUM AND NORMAN REALTY, INC.,

　　　　　Defendant - Appellee.

————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (1:05-cv-01492-GBL)

————————

Argued:  May 14, 2008　　　　　　　Decided:  June 11, 2008

————————

Before MICHAEL and DUNCAN, Circuit Judges, and Henry F. FLOYD,
United States District Judge for the District of South Carolina,
sitting by designation.

————————

Affirmed by unpublished per curiam opinion.

————————

**ARGUED:** Jeremy T. Monthy, HOGAN & HARTSON, LLP, Washington, D.C.,
for Appellant.  Garry Boehlert, WINSTON & STRAWN, LLP, Washington,
D.C., for Appellee.  **ON BRIEF:** Robert B. Cave, Jake M. Shields,
HOGAN & HARTSON, LLP, Washington, D.C., for Appellant.  Thomas M.
Buchanan, David C. Romm, WINSTON & STRAWN, LLP, Washington, D.C.,
for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Flaherty (Flaherty), as executor of the estate of his wife, Monica Flaherty (Mrs. Flaherty), and on behalf of himself and his minor children, filed this wrongful death action against Legum & Norman Realty Inc., manager of the Braemar Towers Condominiums, a condominium complex in Ocean City, Maryland. The Flahertys owned a unit (or condo) at the complex. Mrs. Flaherty stayed at the condo from December 27-29, 2004. On January 7, 2005, she was admitted into the hospital and diagnosed with Legionnaire's disease. She died three days later. Flaherty alleges that Mrs. Flaherty's Legionnaire's disease and resulting death was caused by the negligence of Legum & Norman in maintaining the common water system at the condominium complex. After a period of discovery, Legum & Norman made a motion for summary judgment, which was granted by the district court. Flaherty appeals, and we affirm.

I.

Legionnaires' disease is primarily caused by Legionella pneumophila, a type of bacteria commonly found in natural fresh water habitats and in human-made water systems. The bacteria pose no threat in the low concentrations that occur naturally, but they are hazardous when they propagate at high concentrations in human-made water systems. Transmission to humans can occur, among other ways, through aerosolized water droplets in a shower or hot tub.

3

The condominium complex here, which has a common water system serving all units, tested positive for <u>Legionella</u> when inspected in late January 2005, after Mrs. Flaherty's death. Flaherty alleges that Mrs. Flaherty was exposed to <u>Legionella</u> at the family condo and that Legum & Norman was negligent in failing to prevent <u>Legionella</u> from propagating in the water system at the condominium complex.

The district court granted summary judgment to Legum & Norman on the ordinary negligence claim because Flaherty did not establish the standard of care that a property manager must exercise in maintaining a common water system in a large residential complex. The court also concluded that the doctrine of <u>res ipsa loquitur</u> did not apply because Flaherty could not establish that Mrs. Flaherty's illness would not have occurred in the absence of Legum & Norman's negligence. Finally, the magistrate judge (1) denied Flaherty's motion to take further deposition testimony from a Legum & Norman representative and (2) granted Legum & Norman's motion for a protective order that barred the additional deposition. The district court granted summary judgment without considering Flaherty's application for district court review of the magistrate judge's discovery order. Flaherty appeals these issues.

II.

In considering Flaherty's ordinary negligence claim in the summary judgment proceedings, the district court held that "[t]he standard of care that Defendant Legum & Norman, a professional management company, must exercise in maintaining [the condominium complex's] water system is beyond the knowledge and experience of the average layman." J.A. 1244. As a result, the district court determined that the standard of care would have to be established through a source such as expert testimony, industry standards, or an applicable ordinance or statute. See, e.g., Cigna Prop. and Cas. Cos. v. Zeitler, 730 A.2d 248, 258 (Md. Ct. Spec. App. 1999). Because Flaherty did not meet his burden with respect to establishing the standard of care, the district court concluded that he could not prove a claim of ordinary negligence against Legum & Norman.

The district court also analyzed Flaherty's negligence claim under the doctrine of res ipsa loquitur. In order to create an inference of negligence under this doctrine, a plaintiff must prove "(1) a casualty of a kind that does not ordinarily occur absent negligence, (2) that was caused by an instrumentality exclusively in the defendant's control, and (3) that was not caused by an act or omission of the plaintiff." Holzhauer v. Saks & Co., 697 A.2d 89, 93 (Md. 1997). The district court rejected Flaherty's claim under res ipsa loquitur because he did not proffer evidence

to establish that the <u>Legionella</u> would ordinarily have been present only through negligence.

After determining that there was no basis upon which Flaherty could establish a negligence claim, the district court awarded summary judgment to Legum & Norman. We affirm the summary judgment determination substantially on the reasoning of the district court. <u>See</u> <u>Flaherty v. Legum & Norman Realty, Inc.</u>, No. 1:05-1492 (E.D. Va. Jan. 4, 2007) (mem. order).

III.

Flaherty also argues that the district court abused its discretion by granting summary judgment without reviewing the magistrate judge's discovery order, which Flaherty challenged. Before Legum & Norman filed its motion for summary judgment, Flaherty moved to compel further deposition testimony by a representative of Legum & Norman, and the company sought a protective order. The magistrate judge denied the motion to compel and issued the protective order. Flaherty sought district court review of the magistrate judge's order, arguing that a further deposition would provide additional evidence to establish that Legum & Norman violated its duty of care. Federal Rule of Civil Procedure 56(f) requires that "summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." <u>Nguyen v. CNA</u>

6

<u>Corp.</u>, 44 F.3d 234, 242 (4th Cir. 1995) (quotation marks and citation omitted).  However, in his opposition to Legum & Norman's motion for summary judgment, Flaherty did not assert that he had not obtained sufficient discovery from Legum & Norman.  Rather, Flaherty contended that he "ha[d] adduced in discovery and pre-discovery investigations, and will present to the jury, more than sufficient factual evidence to support [his] claims of negligence, gross negligence, and punitive damages."  Opposition to Defendant's Motion for Summary Judgment at 1, <u>Flaherty v. Legum & Norman Realty, Inc.</u>, No. 1:05-1492 (E.D. Va. Aug. 4, 2006).  Further, summary judgment was granted because Flaherty did not make the showing necessary to establish the relevant standard of care.  Flaherty offers nothing to suggest that further deposition testimony from Legum & Norman would have assisted in establishing the standard of care for maintaining a water system in a large condominium (or residential) complex.  Therefore, Flaherty was not prejudiced because the district court did not rule on his application for review of the magistrate judge's discovery order, and there was no abuse of discretion on the part of the district court.

* * *

The judgment of the district court is

<u>AFFIRMED</u>.

7