**Suellyn M. MOSER**

v.

**AGWAY PETROLEUM CORPORATION**
**t/a Agway Energy Products and**
**Miller & Sons, Inc.**

**Civ. No. S 93–3603.**

United States District Court,
D. Maryland.

Nov. 4, 1994.

Samuel D. Hill, Hill, Johnson, Foley, Stone & Miles, Towson, MD, for plaintiff.

Charles P. Goodell, Jr., Thomas F. Cullen, Jr., Goodell, DeVries, Leech & Gray, Baltimore, MD, for defendant Agway.

Pamela Randi Johnson, Budow & Noble, PC, Ellicott City, MD, for defendant Miller.

*MEMORANDUM OPINION*

SMALKIN, District Judge.

This case involves injuries sustained by an employee of a horse farm when she was struck by pieces of an exploding, large oil-fired space heater. The heater was quite old. When defendant Agway became the oil supplier and heating maintenance contractor for the farm, it engaged Miller & Sons, Inc., to perform the maintenance work on the farm's heaters. The work was performed by Mr. Miller. One of the heaters was an old Rensnor heater with a cracked fire box, a defect discovered by Mr. Miller in the fall of 1991. He decommissioned the heater, which was later fixed by a farm employee and put back in service. Thereafter, Mr. Miller did periodic maintenance on that heater, including work performed on March 12, 1992, when he cleaned out accumulated straw and hay

dust and replaced the nozzle. The plaintiff was working near the heater in the wee hours of the morning of March 16, 1992 when the heater exploded and injured her. Although plaintiff testified that she had been instructed how to use, and on occasion had used, the reset button to get the heater going, there is no direct evidence that she did so that night.

The case is now pending on defendants' summary judgment motions, which have been opposed. No oral hearing is needed. Local Rule 105.6, D.Md.

■ The plaintiff has offered no direct evidence of negligence, claiming that she cannot do so because of the changed condition of the heater post-explosion. *See* plaintiff's answer memorandum to defendants' motion at unnumbered third from last page. Although she, perhaps, could have procured expert reconstruction testimony or an expert's opinion based on what remained of the heater, she relies instead upon the theory of circumstantial proof of negligence known as *res ipsa loquitur.* She correctly observes that, under Maryland law as recently settled in *Dover Elevator Co. v. Swann,* 334 Md. 231, 638 A.2d 762 (1994), she could not rely on *res ipsa* were she to choose to advance direct proof of negligence.

■ The first problem with plaintiff's reliance on *res ipsa* is that, unlike the misaligning elevator involved in the *Swann* case, there is insufficient warrant in the case of an exploding—and often repaired—old heater for a reasonable jury rationally to infer that explosions of such devices do not usually occur in the absence of negligence. *See Swann v. Prudential Ins. Co.,* 95 Md.App. 365, 398, 620 A.2d 989, 1005 (1993), *rev'd sub nom. Dover Elevator Co. v. Swann, supra.* (This Court notes, though, that one Court of Special Appeals panel judge in *Swann* was of the opinion that even elevator accidents do not satisfy this first element of *res ipsa.* 95 Md.App. at 419, 620 A.2d at 1015 (Wilner, C.J., concurring and dissenting).)

In fact, the uncontroverted evidence in this case, from the deposition of Mr. Miller and that of Agway's manager, Mr. Ruffner, is to the effect that the only thing that could cause a heater such as the Rensnor to explode is someone's having flooded it with oil by repeatedly pressing its reset button. Thus, the facts here do not warrant application of *res ipsa,* for want of satisfaction of its first and foremost requirement.

Second, even given the relaxed Maryland attitude toward the "exclusive control" element of *res ipsa* as expressed in *Swann,* 95 Md.App. at 406–07, 620 A.2d at 1009, the facts here do not sufficiently make out exclusive control as to properly invoke *res ipsa.* It is undisputed that the use of the reset button was confined to, and common among, the farm's employees, *not* Miller or Agway. A farm employee had also recently repaired the heater. In contrast, in *Swann,* the Court of Special Appeals noted that no one except the defendant Dover Elevator ever attempted to repair the elevator, and, more significantly, that building employees' interaction with the elevator was at most limited to turning it off when it malfunctioned. 95 Md.App. at 407, 620 A.2d at 1010. This case is, thus, nowhere near *Swann* in terms of satisfying the "exclusive control" requirement.

This Court is aware, as plaintiff's counsel reminds it in his memorandum, that summary judgment is rarely granted in negligence cases, because of the jury's role in reaching conclusions on disputed facts as to a defendant's use of reasonable care. Nonetheless, the question of whether the facts warrant submission to a jury on a *res ipsa* theory is of a different nature, owing to the strictures of that theory designed to prevent a jury from *speculating* as to negligence, rather than properly inferring its existence from circumstantial evidence. As the Court of Special Appeals observed in *Swann,* "only a minority of negligence cases call for [a *res ipsa* ] instruction." 95 Md.App. at 410, 620 A.2d at 1011. This is not one of them.

Finally, this Court notes that the Court of Appeals' decision in the *Swann* litigation seems implicitly to have endorsed Judge Wilner's view of the inappropriateness of a *res ipsa* instruction in the case of elevators in explaining that, because the inner workings of an elevator are "outside the scope of the average layperson's common understanding

and knowledge, ... expert testimony was a necessary element of the plaintiff's case." *Dover Elevator Co. v. Swann,* 334 Md. at 256, 638 A.2d at 774. (The Court of Appeals, in footnote 4, did not, however, expressly adopt Judge Wilner's position as its own holding.) The Court of Appeals went on to hold that, because expert testimony was necessary to plaintiff's case, he could not rely on *res ipsa. Id.* Though not as complex as an elevator, a heater involves mechanical parts, combustion, and electrical circuits, and it is not so simple a device that the average layperson's understanding and knowledge permit proceeding on a *res ipsa* theory, without expert testimony.

In that defendant Agway is not alleged to have been negligent in any way independent of Miller's actions, and in that there is no triable issue on Miller's negligence, an Order will be entered separately, granting both defendants' motions for summary judgment.