569 A.2d 207

**Irene R. ORKIN**

v.

**HOLY CROSS HOSPITAL OF SILVER SPRING, INC. et al.**

**No. 32, Sept. Term, 1988.**

Court of Appeals of Maryland.

Feb. 7, 1990.

**430**

John J. Sellinger (Barry J. Nace, Paulson, Nace, Norwind & Sellinger, all on brief), Rockville, for petitioner.

David A. Levin (Michael T. Wharton, Digges, Wharton & Levin, all on brief), Annapolis, Albert D. Brault (Janet S. Zigler, Brault, Graham, Scott & Brault, all on brief), Rockville, for respondents.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL *, JJ.

---

* Blackwell, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

McAULIFFE, Judge.

The question of the applicability of the concept of *res ipsa loquitur* is involved in this medical malpractice case. Contrary to the view taken by the trial judge, however, resolution of that question is not dispositive of this case. To some extent, the problem is one of semantics. As we pointed out in *Meda v. Brown,* 318 Md. 418, 569 A.2d 202 (1990), filed today, the proper application of *res ipsa loquitur* will permit an inference of negligence, but not every inference of negligence involves *res ipsa loquitur.*

■ As was the case in *Meda v. Brown, supra,* it is important to distinguish between: 1) the inference of negligence that may properly be drawn by an expert, but could not properly be drawn by a lay juror, and 2) the inference of negligence that may properly be drawn by a lay juror from the facts, unaided by expert testimony. Of the first, it might be said that "the thing speaks for itself," at least in terms of what the facts say to the expert. But that may be said of inferences in general, and yet it is not *res ipsa loquitur* as we know that concept in the law of negligence. In the strictest sense, *res ipsa loquitur* is limited to those instances where, certain criteria having been met, the trier of fact may draw an inference of negligence from the facts alone.

Irene Ruth Orkin underwent surgery, under general anesthesia, at Holy Cross Hospital, for a repair of a perforated ulcer. The surgeon was Dr. Leonard Deitz, and the anesthesiologist was Dr. Yilmaz Yamaner. Dr. Yamaner supervised the positioning of the patient before and during surgery. The operation began at 2:55 p.m. and ended at 4:15 p.m. Mrs. Orkin was in the recovery room from 4:20 p.m. until 8:45 p.m., and was then admitted to the intensive care unit. Five and one-half hours later, Mrs. Orkin complained of numbness of her right fingers, and she was unable to dorsiflex her right wrist. She has been diagnosed as having suffered an injury to the median, ulnar, and

radial nerves on the right side. She contends that her injury is permanent.

Mrs. Orkin filed a claim with the Health Claims Arbitration Office against Holy Cross Hospital, Dr. Deitz, and Dr. Yamaner. She later dismissed her claim against Dr. Deitz, and the panel found in favor of the remaining defendants. Mrs. Orkin rejected the award and filed suit in the Circuit Court for Montgomery County, against Dr. Yamaner [1] and the hospital. The defendants filed a motion for summary judgment, and the parties submitted an agreed statement of facts to the trial judge. They agreed, among other things, that:

[An injury of the type suffered by the plaintiff] is most probably caused by pressure on the area under the armpit.

Such pressure can occur if the patient is positioned for a period of time long enough to interrupt the blood supply to the nerves.

The records and testimony of the participants in the surgery and subsequent care do not reveal that the patient was malpositioned at anytime during her hospital stay up to the time of the discovery of her injury.

That the plaintiff cannot ascribe a time certain when the injury occurred.

The plaintiff further agreed that she could not "ascribe a particular negligent act to any defendant." She said that her theory of negligence was "based on the fact that she was admitted for abdominal surgery and sustained a positional injury."

In her opposition to the defendants' motion for summary judgment, the plaintiff argued that *res ipsa loquitur* was applicable. In discussing the requirement that the casualty be of a sort which usually does not occur in the absence of negligence, she proffered proof of that requirement

---

1. Dr. Yamaner died while this appeal was pending. In accordance with Maryland Rule 8–401, the personal representatives of his estate have been substituted in his place.

through the testimony of Dr. Francis J. Mayle, a neurologist.

At oral argument of the motion for summary judgment, the parties argued two principal points: 1) whether *res ipsa loquitur* was available to the plaintiff under the holding of *Hans v. Franklin Square Hosp.*, 29 Md.App. 329, 347 A.2d 905 (1975); and, 2) whether *res ipsa loquitur* could be applied in any event because the plaintiff could not show whether the injury occurred when she was under the control of the anesthesiologist or when she was under the control of the hospital's employees. The trial judge reached the first point only. She said:

> █n accordance with the opinion and based solely on the authority of Hans versus Franklin Square Hospital, I grant the Motion of the Defendant for Summary Judgment. . . .

The plaintiff appealed, and we granted her subsequent petition for certiorari before the case was considered by the Court of Special Appeals.

█ We shall vacate the judgment below, and remand the case for further proceedings. The trial judge would have been correct in granting summary judgment for the defendants if the plaintiff had agreed that she could not or would not produce expert testimony. This is not an "obvious injury" case. Resolution of the issues of negligence and causation involved in a case of this kind necessarily requires knowledge of complicated matters, including human anatomy, medical science, operative procedures, areas of patient responsibility, and standards of care. Complex issues of the type generated by a case of this kind should not be resolved by laymen without expert assistance. *Res ipsa loquitur* does not apply under these circumstances. *Meda v. Brown, supra.*

█ Plaintiff did not, however, restrict her proof to the bare facts. Before the trial judge and before this Court, she has proffered that she will produce expert testimony bearing on the issue of negligence. That evidence may well

turn out to be sufficient to take the case to a jury.[2]  *See Meda v. Brown, supra.*  Under these circumstances, it was error to grant the defendants' motion for summary judgment on the ground that the plaintiff would be unable to establish a prima facie case of negligence.

As we have noted, the defendants raised, as an additional ground for the granting of summary judgment, the argument that even if the plaintiff could show negligence, she could not show which of the two defendants was guilty of that negligence.  Specifically, they argued that the plaintiff could not show whether her nerve damage more likely occurred in the operating room, in the recovery room, or in intensive care.  Moreover, they said, there is no basis for joint liability—if someone is liable, it is either the anesthesiologist or the hospital, but not both.  Under traditional tort principles, the failure to prove which defendant caused the harm is ordinarily fatal to the plaintiff's claim.

> Unless there is vicarious liability or shared control, the logical rule usually is applied, that the plaintiff does not make out a preponderant case against either of two defendants by showing merely that the plaintiff has been injured by the negligence of one or the other.  (footnotes omitted).

W. Prosser & W. Keeton, *The Law of Torts* § 39 at 251 (5th ed.1984).

The problem of multiple defendant liability in inferred negligence cases is both difficult and interesting.  Maryland

---

**2.**  We reject the additional argument of the defendants that a plaintiff who has been unsuccessful in proceedings before a Health Claims Arbitration Panel may not utilize an inference of negligence to establish a prima facie case.  The rationale of the defendants' argument is that they are entitled to a statutory presumption of the correctness of the award, Maryland Code (1974, 1989 Repl.Vol.) Courts and Judicial Proceedings Article, § 3–2A–06(d), and that when this presumption bumps up against a permissive inference the inference must yield.  That is not correct.  A plaintiff may use circumstantial evidence as well as direct evidence to establish a prima facie case, which need be no stronger than if arbitration had never occurred.  A defendant is, however, entitled to have the award of the panel placed before the jury.  *Su v. Weaver,* 313 Md. 370, 379, 545 A.2d 692 (1988).

courts have discussed the problem. *See Giant Food, Inc. v. Wash. Coca-Cola,* 273 Md. 592, 599–602, 332 A.2d 1 (1975); *Stevens v. Union Memorial Hosp.,* 47 Md.App. 627, 424 A.2d 1118 (1981). Some courts have fashioned a remedy for plaintiffs under circumstances similar to those in the instant case. *See, e.g., Ybarra v. Spangard,* 25 Cal.2d 486, 154 P.2d 687 (Cal.1944). And see the cases collected in the Annotations, *Medical Malpractice: Res Ipsa Loquitur In Negligent Anesthesia Cases,* 49 ALR4th 63, 197–201 (1986), and *Res Ipsa Loquitur In Action Against Hospital For Injury To Patient,* 9 ALR3d 1315, 1333–34 (1966). We do not reach this question, because the trial judge did not. As we said in *Geisz v. Greater Baltimore Medical,* 313 Md. 301, 314 n. 5, 545 A.2d 658 (1988):

> On an appeal from the grant of a summary judgment which is reversible because of error in the grounds relied upon by the trial court the appellate court will not ordinarily undertake to sustain the judgment by ruling on another ground, not ruled upon by the trial court, if the alternative ground is one as to which the trial court had a discretion to deny summary judgment.

*See also Three Garden v. U.S. F & G Co.,* 318 Md. 98, 107–08, 567 A.2d 85 (1989); *Henley v. Prince George's County,* 305 Md. 320, 333, 503 A.2d 1333 (1986); *Metropolitan Mtg. Fd. v. Basiliko,* 288 Md. 25, 415 A.2d 582 (1980). If, upon remand, the plaintiff persists in the belief that she will not be able to produce evidence from which the jury could find that one defendant as opposed to the other was at fault, the trial judge will be required to give further consideration to the defendants' motion for summary judgment in the light of the agreed statement of facts.

JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY VACATED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS; COSTS TO BE PAID BY RESPONDENTS.