927 F.2d 1258
 288 U.S.App.D.C. 403
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Myra Carol MacGUINEAS, Appellant,
v.
UNITED STATES of America.
 No. 90-5226.
 United States Court of Appeals, District of Columbia Circuit.
 March 22, 1991.
Rehearing and Rehearing En Banc Denied May 28, 1991.
 
 Appeal from the United States District Court for the District of Columbia.
 D.D.C., 738 F.Supp. 566.
 AFFIRMED.
 Before WALD, RUTH BADER GINSBURG and CLARENCE THOMAS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. Upon full review of the parties' presentations, the court is satisfied that appropriate disposition of the appeal does not warrant a further opinion. See D.C.Cir.R. 14(c).
 
 
 2
 As the district court observed, "[t]his case is a sad one." MacGuineas v. United States, 738 F.Supp. 566, 567 (D.D.C.1990). It is also one in which the trier of fact was presented with evidence that would have supported a decision for either side. The district judge credited evidence supporting a judgment for defendant, and we must respect that determination. See Fed.R.Civ.P. 52 (appellate court may set aside trial court's findings of fact only if "clearly erroneous," and "due regard" must be accorded "the opportunity of the trial court to judge the credibility of the witnesses").
 
 
 3
 At oral argument, counsel for plaintiff asserted that plain error could be discerned in the district court's statement concerning the testimony of plaintiff's expert witness, Dr. Odyniec. Specifically, the district court said Dr. Odyniec's testimony of what he would have done under similar circumstances "mirrors" what the NIH physicians did in this case. See MacGuineas, 738 F.Supp. at 570 & n. 14. We cannot judge that observation "clearly erroneous." Although Dr. Odyniec testified that, in his opinion, the NIH physicians should not have persisted in attempting to insert the catheter, see J.A. at 126, 136, he acknowledged on cross-examination that it was not a departure from the standard of care to use a No. 12 dilator if it was lined up on the guidewire, see id. at 135, or to use the straight end of the guidewire to determine the depth of an obstruction, see id. at 139. Most critically, the district court found credible, and accordingly relied upon, the testimony of the NIH physicians concerning the appropriate standard of care and the conformity of their conduct to that standard.
 
 
 4
 Finally, we note that, under Maryland law, the doctrine of res ipsa loquitur is not properly applied to a medical malpractice case of this type. See Orkin v. Holy Cross Hospital, 318 Md. 429, 569 A.2d 207 (1990); Meda v. Brown, 318 Md. 418, 569 A.2d 202, 205 (1990). Accordingly, it is
 
 
 5
 ORDERED and ADJUDGED that the opinion from which this appeal has been taken be affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).