613 A.2d 983

Larry GALOLA et ux.

v.

Dale SNYDER.

No. 3, Sept. Term, 1992.

Court of Appeals of Maryland.

Oct. 14, 1992.

Michael W. Davis (Ahlstrom & Davis, P.A., on brief), Columbia, for petitioners.

Harvey S. Wasserman (Joel L. Katz, P.A., on brief), Annapolis, for respondent.

Argued Before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

KARWACKI, Judge.

We issued a writ of certiorari in this case to consider issues similar to those presented in *CitaraManis v. Hallowell*, 328 Md. 142, 613 A.2d 964 (1992), which was then pending on our docket. Our decision in *CitaraManis* is dispositive of the instant case.

The trial court entered summary judgment in favor of Dale Snyder, the respondent here, on the following facts:

Because their employments required them to leave Maryland, Larry and Marian Galola agreed to rent their former home at 5111 Avoca Avenue in Ellicott City, Howard County to Dale Snyder. The parties entered a written lease providing for a one year term beginning on November 15, 1987. Snyder agreed to pay $1,200.00 per month as rent. The lease contained the following provision:

"The tenant [Snyder] acknowledges that he [sic] has examined the leased premises and his [sic] acceptance of this agreement is conclusive evidence that the said premises are in good and satisfactory order and repair, unless otherwise specified herein; ..."

Subsequently, the lease was extended to November 15, 1989, by mutual consent of the parties.

In June, 1989, Snyder complained to the Howard County Bureau of Inspections that the house was in need of repairs which had not been made by the Galolas. As a result of this complaint, the Galolas were made aware that any residential property in Howard County which is offered for rent must be licensed.

On June 13, 1989, the Galolas applied for the required rental license. That license was denied because an inspection by the licensing agency disclosed housing code violations consisting of cracks, holes, loose paint, loose plaster and water stains in and on the ceilings, water stains on the walls, windows that admit rain, a defective air conditioning unit, a defective wood stove, insufficient heat, dampness in habitable rooms, improper drainage, water in the basement, and a basement rail that was in disrepair. In addition to disapproving the application for a rental license, the housing inspector issued a notice requiring the Galolas to make the necessary repairs.

Snyder continued to occupy the property through October 24, 1989, but refused to pay any rent for the month of July or thereafter. On October 26, 1989, the Galolas notified the Howard County Bureau of Inspections that they were withdrawing the property from the rental market, and subsequently, they sold the house.

Early in October, 1989, the Galolas filed suit in the District Court of Maryland, sitting in Howard County, for repossession of 5111 Avoca Avenue and for the rent allegedly due by Snyder since June, 1989. Snyder filed a counterclaim and prayer for jury trial. In her counterclaim she averred that the property had not been licensed during her tenancy as required by the Howard County Code (1977, 1985 Rev.) § 13.102, and she demanded restitution of all rents paid prior to July, 1989, in the amount of $24,000.

After the case was transferred to the Circuit Court for Howard County for a jury trial, Galola moved for summary judgment on her counterclaim on the sole ground that because the property she rented was unlicensed the lease she had entered with the Gaolas was unenforceable and she was entitled to restitution of all rent paid thereunder. The trial court agreed, citing *Golt v. Phillips*, 308 Md. 1, 517 A.2d 328 (1986). The complaint of the Galolas was never disposed of by the circuit court; instead it certified the $24,000 judgment on Snyder's counterclaim as final pursuant to Maryland Rule 2–602(b). The Galolas filed a timely appeal from that judgment. In an unreported opinion, the Court of Special Appeals affirmed. We granted the Galola's petition for a writ of certiorari and now reverse the judgment of the Court of Special Appeals.

Maryland Code (1975, 1983 Repl.Vol., 1988 Cum. Supp.) § 13–408(a) of the Commercial Law Article provides a private cause of action under the Maryland Consumer Protection Act (the CPA) for a tenant of residential property who has been the victim of unfair and deceptive trade practices by his or her landlord. *Golt*, 308 Md. at 8, 517 A.2d at 331. Rental of a dwelling that has not been licensed as required by a local housing code is an unfair and deceptive practice by a landlord. *Id.* at 9, 517 A.2d at 332. Nevertheless, in such an action the tenant is limited to recovering actual loss or injury caused by the deceptive trade practices. *CitaraManis*, 328 Md. at 153, 613 A.2d at 969; *Golt*, 308 Md. at 12, 517 A.2d at 333. A tenant is not

entitled to damages under § 13–408(a) of the CPA solely upon proof that the leased property was not licensed as required by law; rather, the tenant must prove actual loss or injury caused by the lack of licensure. *CitaraManis,* 328 Md. at 157, 613 A.2d at 971. Furthermore, voluntary payment of rent under an unenforceable lease does not entitle a tenant to restitution of that rent unless the tenant can establish that he or she was provided less than she had bargained for in the lease. *Id.* at 158–59, 613 A.2d at 971–72.

▇  For these reasons the trial court improperly granted summary judgment on proof of no more than voluntary payment of rent by Snyder for property which had not been licensed by Howard County.[1]  On remand, the actual loss or injury suffered by Snyder because of the defects in the property which would have been disclosed upon inspection should be determined by the trier of fact and damages on the counterclaim awarded accordingly.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO VACATE THE JUDGMENT OF THE CIRCUIT COURT FOR HOWARD COUNTY AND TO REMAND THE CASE TO THAT COURT FOR FURTHER PROCEEDINGS. COSTS IN THE COURT OF SPECIAL APPEALS AND IN THIS COURT TO BE PAID BY THE RESPONDENT.

BELL, Judge, dissenting in which ELDRIDGE, Judge joins.

For the reasons stated in my dissenting opinion in *CitaraManis v. Hallowell,* 328 Md. 142, 613 A.2d 964 (1992), I respectfully dissent.

ELDRIDGE, J., joins in these views.

---

1. We have limited our review of this decision to the sole ground relied upon by the trial court. *See Federated Stores v. Le,* 324 Md. 71, 79, 595 A.2d 1067, 1071 (1991); *Boyer v. State,* 323 Md. 558, 588, 594 A.2d 121, 136 (1991); *Orkin v. Holy Cross Hospital,* 318 Md. 429, 435, 569 A.2d 207, 210 (1990); *Three Garden v. USF & G,* 318 Md. 98, 107–08, 567 A.2d 85, 89 (1989).